STATE EX REL. FESS, Respondent, vs. MACKENZIE, Conservation Director, and others, Appellants.

*January 6—February 4, 1941.*

For the appellants there was a brief by the *Attorney General, A. H. Smith,* counsel for the State Conservation Commission, and *Wm. J. P. Aberg* of Madison of counsel, and oral argument by *Mr. Aberg* and *Mr. Smith.*

For the respondent there was a brief by *Hall, Baker & Hall,* and oral argument by *Paul Griffith* and *Laurence W. Hall,* all of Madison.

MARTIN, J.    Edward Fess, petitioner and respondent herein, had been employed by the state conservation department as deputy conservation warden, and later as senior deputy conservation warden, from 1916 until February 15, 1940. He was given notice of the termination of his services on January 30, 1940, for the reason that he was unable to provide the service required of a conservation warden and take care of the work demanded of him.    Within thirty days of the receipt of the notice of discharge, he appealed to the bureau of personnel, whereupon, after hearing on April 12, 1940, he was ordered reinstated by the bureau to the position from which he had been discharged.    Defendants refused to comply with the order and refused to reinstate respondent.    He then petitioned the circuit court for Dane county for a writ of *mandamus,* which court, on May 16, 1940, ordered an alternative writ of *mandamus* to issue, commanding defendants to forthwith restore respondent to his position and to keep

his name on the pay roll or restore it thereto and to certify it to the bureau of personnel, or in default thereof, show cause why they have not done so by due return of said writ.

The defendants made answer or return to the writ alleging in effect, that respondent was discharged for the good of the service, in that he was sixty-eight years of age and that because of the rigorous physical demands of the service in enforcing fish and game laws, he was prevented from carrying on his duties in a proper manner; that he was entitled to a pension of $91.50 per month; that if the conservation commission was unable to retire aged wardens, the efficiency required in the enforcement of fish and game laws could not be supplied; and lastly, that the findings and determination of the bureau of personnel were unwarranted, contrary to the facts, and without force or effect. Respondent demurred to the return on the ground that it did not state facts sufficient to constitute a defense or show any cause for not obeying the writ. The demurrer was sustained, and defendants appeal.

The applicable statute on this appeal is sec. 16.24 (1) (a), Stats. 1939, which provides:

"(1) No permanent subordinate or employee in the competitive division who shall have been appointed under the provisions of sections 16.01 to 16.30 or the rules made pursuant thereto shall be removed, suspended without pay, discharged, or reduced in pay or position except for just cause, which shall not be religious or political. In all such cases the appointing officer shall, at the time of such action, furnish to the subordinate in writing his reasons for the same. The reasons for such action shall be filed in writing with the director prior to the effective date thereof. Within thirty days of the receipt of such notice and reasons from the appointing officer, the employee may appeal to the board, and within sixty days after the date of appeal, the board shall hold a public hearing thereon.

"(a) After the public hearing before the board, the board shall either sustain the action of the appointing officer, or shall reinstate the employee fully, or upon such conditions as the board shall determine."

Defendants concede that there is no statutory provision for an appeal from the findings and determination of the bureau, but they argue that the findings and determination in the instant case were unwarranted, contrary to the facts, and without force and effect. If they were here on *certiorari,* we would have the evidence from which we could determine whether the findings of the bureau of personnel lack support in the evidence. We must assume, however, that the bureau conducted such hearing as the statute provides, that it carefully considered all the evidence offered at the hearing, and that it determined that the charges against respondent were not sustained.

If defendants' contentions are correct, they would be entitled to a retrial in the circuit court of the charges upon which the bureau of personnel has acted. The findings and order of the bureau are not subject to collateral attack or review by the courts. The return and answer of the defendants to the alternative writ of *mandamus* does not raise any issue as to compliance by the bureau with the provisions of sec. 16.24 (1) (a) of the statutes. There being no jurisdictional issue as to the proceedings had before the bureau of personnel, there is applicable the rule stated in *State ex rel. Cook v. Houser,* 122 Wis. 534, 595, 100 N. W. 964:

"When a new right is created by statute, and the statute also provides a method by special tribunal for the enforcement of that new right, and says nothing about an appeal, it is well understood that the remedy so given is exclusive, provided always that the tribunal proceed without jurisdictional error. This principle is supported so uniformly by the books that it is not deemed necessary to cite many authorities. . . . [Citing cases.] It was optional with the legislature to give the right or withhold it entirely. Having given the right, it was entirely competent to subject it to such conditions, limitations, and remedies as in the judgment of the legislative body were wise and proper. The power to create a right necessarily includes the power to determine the conditions under which it

shall be exercised and the remedies which may be invoked for its enforcement."

Further citation of authority seems unnecessary. The order sustaining the demurrer must be affirmed.

*By the Court.*—Order affirmed.